**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| LATOYA JERNIGAN § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-10-2744 |
| § | |
| AMBER JERNIGAN, *et al.*, § | |
| § | |
| Defendants. § | |

**ORDER**

Latoya Jernigan sued her cousin, Amber Jernigan, and two employees of the Child Protective Services, Daisy Clark and Latasha Allen, alleging that CPS "unlawfully removed" Jernigan's child, TJ, from her home, based on "malicious, vindictive lies" that Amber Jernigan told. Latoya Jernigan sues for slander, malicious prosecution, and criminal charges. She has moved for a default judgment, alleging that she properly served the defendants. However, the proof of service shows that Latoya Jernigan simply mailed copies the summons to the defendants at their last known addresses. This is not effective service of process. The federal rules allow service in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). Under Texas law, one means of service is "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." TEX. R. CIV. P. 106(a)(2). Such service must be made by a person authorized by Rule 103 of the Texas Rules. Rule 103 allows service by persons authorized by law, such as a sheriff or constable, or by court order,

"[b]ut no person who is a party to or interested in the outcome of a suit may serve any process in that suit." TEX. R. CIV. P. 103.

The service is ineffective under Texas law. Among other reasons, Jernigan is a person "interested in the outcome." *See West v. Terry Bicycles, Inc.*, 230 F.3d 1382, 2000 WL 152805, at *3 (Fed. Cir. Feb. 10, 2000) (applying Texas law); *Coleman v. Sentinel Transp. L.L.C.*, No. 09-1510, 2009 WL 3834438, at *3 (S.D. Tex. 2009); *Jackson v. United States*, 138 F.R.D. 83, 87-88 (S.D. Tex. 1991). In the absence of effective service, the motion for default is denied. This case will be dismissed if proper service is not accomplished by November 1, 2010.

SIGNED on September 24, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge