IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LATOYA JERNIGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:10-2744 |
| | § | |
| LATASHA ALLEN, DAISY CLARK, | § | |
| and AMBER JERNIGAN, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
ON DEFENDANTS' MOTION TO DISMISS**

This matter was referred by United States District Judge Lee H. Rosenthal, for full pre-trial management, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket Entry #15). Plaintiff Latoya Jernigan, proceeding *pro se* and *in forma pauperis*, complains that Defendants removed her child, T.J., from her custody, in violation of 42 U.S.C. § 1983, and her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America. (Plaintiff's First Amended Complaint ["Complaint"], Docket Entry #14). Plaintiff also alleges state law tort claims for slander and malicious prosecution. (*Id*.). Defendants Latasha Allen and Daisy Clark have moved to dismiss Plaintiff's claims under 28 U.S.C. § 1915, and under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (State Defendants' Motion to Dismiss ["Defendants' Motion"], Docket Entry #30). Responses and replies have followed. (Motion to Oppose State Defendants Dismissal, Docket Entry #31; Plaintiff's Evidence Files, Docket Entry #32; Reply Brief for State Defendants' Motion to Dismiss, Docket Entry #33; Reply to State Defendants' Dismissal Reply Brief, Docket Entry #34; Plaintiff's Damages and Equitable Relief, Docket Entry #35; Plaintiff's Evidence,

1

Docket Entry #36). After a review of the pleadings, the evidence presented, and the applicable law, it is **RECOMMENDED** that the motion to dismiss be **GRANTED**.

**BACKGROUND**

This case arises out of the decision, by the State of Texas, to take custody of Plaintiff's minor daughter, T.J. Plaintiff alleges that, in October 2009, Defendants Allen and Clark, representatives of the Texas Department of Family Protective Services ("TDFPS"), "unlawfully removed" T.J. from her home. (Complaint pp.1-2). The removal was purportedly based on unspecified "malicious, vindictive lies" by Plaintiff's cousin, Amber Jernigan. (*Id.*). Plaintiff insists that T.J. "told [Clark] she was not being physical[ly] or mentally harmed," but that "Daisy Clark, Latasha Allen and Amber Jernigan . . . made me look like an unfit mother in front of all my peers over the last year which has caused my life to be flipped upside down." (*Id.*). Plaintiff argues that "Amber Jernigan, Daisy Clark, Latasha Allen need[] to be held liable for the crimes that they have committed," and that she has "proof to the truth behind the malicious, vindictive, lies that Amber Jernigan created." (*Id.*).

In this suit, Plaintiff contends that Defendants' actions constitute slander and malicious prosecution, and that they violated her Fourth Amendment right to be protected from unreasonable seizures, and her Fourteenth Amendment right to due process. (*Id.*). Allen and Clark ask that Plaintiff's claims be dismissed on several grounds. They argue, first, that the entire action should be dismissed as "frivolous or malicious" under 28 U.S.C. § 1915. (Defendants' Motion p.2). The TDFPS representatives point out that Plaintiff brought a previous federal action based on these same facts, and that that claim was dismissed in June 2010. (*Id.*). Allen and Clark contend further that this court lacks subject matter jurisdiction to review state agency custody decisions, and that, as state officials, they are immune from suit.

(*Id*.). In addition, Allen and Clark argue that Jernigan has failed to plead essential elements of her causes of action, and, finally, that her state law claims are barred by the applicable Texas statute of limitations. (*Id*.). After a review of the pleadings, the evidence presented, and the applicable law, it is **RECOMMENDED** that the motion to dismiss be **GRANTED**, and that Plaintiff's action be dismissed, in its entirety, under 28 U.S.C. § 1915. While Amber Jernigan has not answered Plaintiff's complaint, nor joined the motion to dismiss by Allen and Clark, an *in forma pauperis* action may be dismissed *sua sponte* under § 1915 "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991) (internal quotation marks omitted).

**DISCUSSION**

At the outset, Allen and Clark insist that Plaintiff's entire action should be dismissed, under 28 U.S.C. § 1915, because it is a "duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit." (Defendants' Motion p.3). The TDFPS Defendants point to the prior lawsuit that Plaintiff filed in the Southern District of Texas, in January 2010. *Ozene et al v. TDFPS et al*, Case No. 4:10-cv-00245 (S.D. Tex. January 25, 2010). In that action, Plaintiff alleged that Amber Jernigan submitted "fals[e] statements to CPS," which led to the "wrongful removal of" T.J., by Allen and Clark, among others. *Id*. (*Amended Complaint*, Docket Entry #13). Jernigan also included the same constitutional and state law claims that she presses in this suit. *Id*. On June 21, 2010, the district court dismissed Plaintiff's complaint for lack of subject matter jurisdiction. *Id*. (*Order Adopting Memorandum and Recommendation*, Docket Entry #44). The court found that it had no authority to review a state court custody determination. *Id*. That decision was affirmed by

the United States Court of Appeals for the Fifth Circuit, on January 21, 2011. *Ozene v. Texas Dept. Of Family Protective Services*, 2010 WL 5298818 (5th Cir. 2010).

Under 28 U.S.C. § 1915, "the court shall dismiss" any *in forma pauperis* action that is "frivolous or malicious," and the "district court is 'vested with especially broad discretion' in determining whether such a dismissal is warranted." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988)(quoting *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir.1986)). "Repetitious litigation of virtually identical causes of action is subject to dismissal" as frivolous or malicious, as well as "duplicative actions arising from the same series of events and alleging many of the same facts as an earlier suit." *Id*. A plaintiff may not "merely repeat pending or previously litigated claims." *Id*. Section 1915 "insure[s] that the plaintiff obtains one bite at the litigation apple – but not more." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir.1993).

This lawsuit is identical to Jernigan's previous federal action. In both cases she complains that Clark and Allen unlawfully took T.J. because of lies by Amber Jernigan. She also claims, in both instances, that Defendants' actions constituted slander and malicious prosecution, and violated her rights under the Fourth and Fourteenth Amendments. The present lawsuit clearly "arises from the same series of events," and repeats "identical causes of action." *Bailey*, 846 F.2d at 1021. Under 28 U.S.C. § 1915, Jernigan's action must be dismissed in its entirety as "frivolous or malicious." *See id*. The motion to dismiss on this issue should be granted.

## *Subject Matter Jurisdiction*

Allen and Clark also urge the court to dismiss Plaintiff's action for lack of subject matter jurisdiction. (Defendants' Motion p.4). They emphasize that T.J.'s removal was

4

authorized by a state court order, and that Plaintiff may not "collaterally attack the state court proceedings" in federal court. (*Id.*).

There is no question that "[f]ederal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998); *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Motions to dismiss for lack of subject matter jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(1).  In a Rule 12(b)(1) inquiry, the plaintiff bears the burden to show that the court has jurisdiction to entertain her claims.  *Santos v. Reno*, 228 F.3d 591, 594 (5th Cir. 2000); *Stockman*, 138 F.3d at 151. If the plaintiff cannot meet this burden, and "it appears that the subject matter jurisdiction is lacking," then the court is required to dismiss the case, without reaching the merits.  *Stockman*, 138 F.3d at 151; *see Moran v. Kingdom of Saudi Arabia,* 27 F.3d 169, 172 (5th Cir. 1994). To assess whether jurisdiction exists, the court may choose to look at any of the following:

> (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

*Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1984); *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  Any of those avenues may be used to resolve the jurisdictional question, so long as the basis for the court's determination is clear.  *Poindexter v. U.S.*, 777 F.2d 231, 236 (5th Cir. 1985); *Williamson*, 645 F.2d at 413-14.  Here, the court has considered Plaintiff's complaint, and the undisputed facts.

It is well settled that, as a jurisdictional matter, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the

form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986). This principle is drawn from the United States Supreme Court's holdings in *D.C. Ct.App. v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The so called *Rooker-Feldman* doctrine is not "limited to actions . . . which candidly seek review of the state court decree; it extends to others in which 'the constitutional claims presented [in federal court] are inextricably intertwined with the state court's' grant or denial of relief." *Hale*, 786 F.2d at 691 (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983)). In such cases, "the District Court is in essence being called upon to review the state court decision . . . [which it] may not do." *Id*. "Judicial errors committed in state courts are for correction in the state court systems." *Id*.

Here, the core of Jernigan's claim is that the court ordered removal of T.J. by TDFPS was erroneously founded on unspecified "lies" by Amber Jernigan. While Plaintiff might not "candidly seek review of the state court decree," it is beyond dispute that T.J.'s removal is "inextricably intertwined" with the state court order. As the district court found in Plaintiff's first federal action, her "suit is 'patently an attempt to collaterally attack the validity of [the state court judgment].'" *Ozene et al v. TDFPS et al*, Case No. 4:10-cv-00245 (S.D. Tex. Jun. 1, 2010) (*Memorandum and Recommendation*, Docket Entry #42) (quoting *Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare,* 995 F.2d 595, 599 (5th Cir.1993)). Then, as now, "Plaintiff[ has] not offered any reason why [she is] unable to use the state appellate system to appeal the orders of the state court removing" T.J. from her custody. *Id*. Plaintiff's action should be dismissed, then, under *Rooker-Feldman*, as an improper collateral attack on a state court order. *See Hale*, 786 F.2d at 691.

*Immunity from suit*

Even if Plaintiff's lawsuit was not barred by 28 U.S.C. § 1915 and the *Rooker-Feldman* doctrine, Allen and Clark raise several additional grounds in support of dismissal. For instance, although it is not clear whether Jernigan has sued the TDFPS representatives in their official or individual capacities, Allen and Clark contend that they are immune from suit in either case. (Defendants' Motion p.6-10). If Plaintiff's is an official-capacity claim, then it is, "in all respects other than name, to be treated as a suit against the [government] entity." *Kentucky v. Graham*, 473 U.S. 159 (1985). Eleventh Amendment sovereign immunity, however, bars suits against a state without its consent, unless the federal government abrogates that immunity. *See Aguilar v. Texas Dept. Of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir.1998). Here, Texas has not consented to Jernigan's claims for defamation or malicious prosecution. *See Dallas County v. Harper*, 913 S.W.2d 207, 207-08 (Tex.1995) (defamation); *Univ. of Tex. Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 777 (Tex.App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.)(malicious prosecution). Neither has the United States Congress abrogated the sovereign immunity of the states under 42 U.S.C. § 1983. *See Aguilar*, 160 F.3d at 1054 ("The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983."). For those reasons, Plaintiff's action against Allen and Clark must be dismissed in as much as it was brought against them in their official capacities.

It is also well settled that social workers employed by state agencies may assert a qualified immunity defense when sued under 42 U.S.C. § 1983 in their individual capacities. *See Roe v. Texas Dep't of Protective & Regulatory Servs.*, 299 F.3d 395, 400 (5th Cir.2002). The doctrine of qualified immunity protects public officials from liability for civil damages

7

"insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Courts undertake a two-pronged analysis to determine whether a government official is entitled to qualified immunity, inquiring: (1) whether the facts that the plaintiff has alleged make out a violation of a constitutional right; and (2) whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Id.* at 232 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). These prongs can be considered in either order. *Id.*

Plaintiff argues that T.J.'s removal violated her Fourth Amendment right to be free from unreasonable seizures, and her Fourteenth Amendment right to due process. (Complaint). In the context of child "seizures," the "procedures required for a constitutional search and seizure under the Fourth Amendment are adequate to protect . . . procedural due process rights and liberty interest" of parents. *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 435 (5th Cir.2008) (joining other circuits that "have equated the procedures required under the Fourteenth Amendment with those required under the Fourth Amendment for searches and seizures related to child abuse investigations"). Under the Fourth Amendment, "the government may not seize a child from his or her parents absent a court order,[ ] parental consent, or exigent circumstances." *Id.* at 429. The Texas Family Code allows TDFPS to seek a temporary court order giving custody of a child to the agency on an emergency basis. *See* Tex. Fam.Code Ann. § 262.102(a). The Fifth Circuit has held that such orders "suffice[] to meet the Fourth Amendment warrant requirement for a seizure." *Wernecke v. Garcia*, 591 F.3d 386, 395 (5th Cir.2009)(citing *Gates*, 537 F.3d at 429)).

Here, there is no dispute that T.J. was "seized" pursuant to a court order. (Complaint). For that reason, T.J.'s removal from Plaintiff's home did not violate the Fourth or Fourteenth Amendments. *Wernecke*, 591 F.3d at 395; *Gates*, 537 F.3d at 429. In the absence of a constitutional violation, Allen and Clark are entitled to qualified immunity, and the claims against them, if any, in their individual capacities should be dismissed. *See Pearson*, 555 U.S. at 231.

*Failure to state a claim under Rule 12(b)(6)*

Allen and Clark argue further that each of Plaintiff's claims should be dismissed for "failure to state a claim upon which relief may be granted" under Fed. R. Civ. P. 12(b)(6). In considering such a motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in her favor. *See, e.g., Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). A court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *See St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir.1991). Typically, while a complaint need not contain detailed factual allegations, the United States Supreme Court has held that a plaintiff's "obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Indeed, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id*. at 1974; *Nationwide Bi-Weekly Admin. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir.2007). In *Ashcroft v. Iqbal*, the Supreme Court addressed the standard applicable to motions to dismiss under Rule 12(b)(6):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

--- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal citations and quotation marks omitted). Two "working principles" underlie this standard. *Id*. at 1949-50. The first principle is that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. The second principle holds that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting Fed.R.Civ.P. 8(a)(2)).

Because T.J. was removed from Plaintiff's home pursuant to a court order, she has not pled a violation of her rights under the Fourth or Fourteenth Amendments to the United States Constitution. In regard to her purported claims under Texas law, to "recover for defamation, a private plaintiff must prove that the defendant (1) published a statement, (2) that was defamatory to the plaintiff, (3) while acting negligently as to the truth of the statement." *Montemayor v. Ortiz*, 208 S.W.3d 627, 656-57 (Tex.App.-Corpus Christi 2006, pet. denied)(citing *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex.1988)). In her complaint, Plaintiff alleges that Allen and Clark seized T.J. "due to Amber Jernigan['s] malicious, vindictive lies." (Complaint). Construing this allegation liberally, as the court must, it appears that Plaintiff claims that the TDFPS representatives repeated Amber

Jernigan's statements to secure the court order that authorized T.J.'s seizure.[1] Jernigan pleads no facts however, to show that Allen and Clark acted negligently by repeating or otherwise relying on Amber Jernigan's accusations during the TDFPS investigation into T.J.'s well-being. *See McLemore*, 978 S.W.2d at 571. Plaintiff's slander claim must be dismissed, then, because she has failed to plead an essential element of that cause of action.

Likewise, to state a claim for malicious prosecution in Texas, Plaintiff must allege (1) the institution or continuation of civil proceedings against the plaintiff; (2) initiated by the defendant; (3) with malice in the commencement of the proceedings; (4) which proceedings lacked probable cause; (5) were terminated in the plaintiff's favor; and (6) resulted in special damages. *Tex. Beef Cattle Co. v. Green,* 921 S.W.2d 203, 207 (Tex.1996). Here, Plaintiff has not alleged that she was subject to a state proceeding that was "terminated in her favor." *See id.* In sum, Plaintiff has failed to plead essential elements for each of her claims, and so, Rule 12(b)(6) provides further support for dismissal.

***Statute of Limitations***

Finally, Allen and Clark argue that Plaintiff's state tort claims are barred by the applicable Texas statute of limitations. In Texas, a "person must bring suit for malicious prosecution, libel, slander, or breach of promise of marriage not later than one year after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.002. A timely filed suit will interrupt the running of limitations only if "the plaintiff exercises due diligence in the issuance and service of citation." *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex.2007). "If service is diligently effected after limitations has expired, the date of service will relate back

---

[1] In considering a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must consider the allegations of a pro se plaintiff's complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

11

to the date of filing." *Id.* While a defendant has the initial burden to affirmatively plead a limitations defense and to show that service was effected after the limitations period expired, if it does so, the burden then shifts to the plaintiff "to explain any delay." *Id*. at 216 (internal quotation omitted). Here, Jernigan alleges that Defendants' allegedly unlawful actions took place in October 2009. (Complaint). Plaintiff filed this suit on July 2010, but did not successfully serve Defendants until March 2011. (Docket Entry #27, #28). In her various filings, Plaintiff fails to respond to Defendants' limitations defense. *Id*. On this record then, Plaintiff has not met her burden to show that she "diligently effected [service] after limitations" expired, and her claims should be dismissed as time-barred.

*Plaintiff's Motion to File Criminal Charge*

It is further recommended that, if this recommendation is adopted, Plaintiff's recently filed "Motion to File Criminal Charge" be denied as moot. (Docket Entry #37). In any event, "[i]t is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution." *Lewis v. Jindal*, 368 Fed. Appx. 613, 614 (5th Cir.2010) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

**CONCLUSION**

Based on the foregoing, it is **RECOMMENDED** that the motion to dismiss be **GRANTED**, and that Plaintiff's action be dismissed, with prejudice. Latoya Jernigan has now subjected Defendants to two identical lawsuits, and the court has lacked jurisdiction to hear both. Section 1915 "insure[s] that the [indigent] plaintiff obtains one bite at the litigation apple – but not more." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir.1993).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Lee H. Rosenthal, Room 11535, and to the chambers of the undersigned, Room 7007.

**SIGNED** at Houston, Texas, this 30th day of August, 2011.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**